# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JANE DOE, a pseudonym,

    Plaintiff,

v.

MIDDLESEX COUNT, NEW JERSEY, et al.,

    Defendants.

Civil Action No. 20-8625 (MAS) (ZNQ)

**MEMORANDUM OPINION & ORDER**

    This matter comes before the Court upon Plaintiff Jane Doe's ("Doe") Motion for Leave to Proceed Under Pseudonym ("Motion"). (ECF No. 23.) Defendants Middlesex County, New Jersey ("Middlesex County"), Mark J. Cranston ("Cranston"), Mildred Scott ("Scott"), Jessie A. Jimenez ("Jimenez"), Tabatha A. Knight ("Knight"), Daniel J. Marcinko ("Marcinko"), Maureen A. Bocknack ("Bocknack"), Dawn R. Burch ("Burch"), Myesha Caraballo ("Caraballo"), Jeffrey Dominguez ("Dominguez"), Randy P. Einhorn ("Einhorn"), Shari Eisenberg ("Eisenberg"), Joseph F. Johnson ("Johnson"), Margaret Kolta ("Kolta"), Ashley Kophamel ("Kophamel"), Joshua Padilla ("Padilla"), Iverinisse Rivera ("Rivera"), Edwin R. Mata ("Mata"), and Christopher E. Neder ("Neder") opposed, (ECF Nos. 48, 49, 50, 51, 52, 53)[1], and Doe replied, (ECF No. 57). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons set forth herein, Doe's Motion is granted.

---

[1] Defendant Middlesex County filed the only substantive brief, (Middlesex Opp'n, ECF No. 48), in which all other Defendants joined, (ECF Nos. 49, 50, 51, 52, 53).

**I.      BACKGROUND**

The following is a summary of Doe's allegations as outlined in her Complaint. (Compl., ECF No. 1.) Doe was booked into Middlesex County Jail on February 7, 2018. (*Id.* at ¶ 36.) Doe was four months pregnant at the time of her booking. (*Id.*) She claims that, between February 7, 2018 and May 11, 2018, either the Middlesex County Sheriff's Office or Middlesex County Department of Corrections, or both, personnel escorted her to off-site doctor visits related to her pregnancy. (*Id.* at ¶ 37.) During each transport, Doe claims she was restrained with handcuffs. (*Id.*)

On May 11, 2018, Doe was released from Middlesex County Jail and admitted to an inpatient drug treatment and counseling facility in Newark, New Jersey. (*Id.* at ¶ 40.)  Between May 24, 2018 and July 10, 2018, Doe claims she was repeatedly transported with handcuffs to her pre-natal care visits. (*Id.* at ¶ 41.) On July 11, 2018, Doe's water broke. (*Id.* at ¶ 47.) Doe claims she was once again transported to the hospital in handcuffs and was shackled to her hospital bed. (*Id.* at ¶¶ 57-67.)   Doe claims that multiple hospital staff members including a nurse and a doctor asked the Correctional Officers whether the restraints were necessary. (*Id.* at ¶¶ 69, 70, 72.) Doe further alleges that certain Defendants stayed inside the hospital room during private and embarrassing portions of care. (*Id.* at ¶¶ 71, 89.) Doe claims she was only allowed to call her fiancé after delivery. (*Id.* at ¶ 110.)

Doe went into labor in the early hours of July 12, 2018 and Baby Doe was delivered at 10:16 a.m. that morning. (*Id.* at ¶¶ 93-105.) From the time Doe left Middlesex County Jail on July 11, 2018 throughout her labor, including a Caesarian section, Doe claims she was not allowed to call her fiancé or any family members to inform them she was in labor. (*Id.* at ¶¶ 52-54, 74, 80, 95, 96, 104.) Doe remained restrained to her hospital bed after giving birth to Baby Doe and throughout the remainder of her hospital stay. (*Id.* at ¶¶ 107, 121-130.)

On July 10, 2020, Doe filed a thirty-count Complaint under pseudonym, alleging various violations of the New Jersey Constitution, 42 U.S.C. §1983, and violations of Doe's constitutional protections under the United States' Constitution. (*Id.* at ¶¶ 181-310.)

In the instant Motion, Doe seeks to maintain her anonymity and proceed pseudonymously. (*See generally* Moving Br., ECF No. 23-1.) Doe contends the nine factors outlined in *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011), weigh in favor of her proceeding anonymously. (Moving Br. at 3.) Defendants oppose Doe's Motion, highlighting that the use of a pseudonym has traditionally been reserved for exceptional cases. (*See generally* Middlesex Opp'n.) Defendants contend the *Megless* factors weigh against allowing Doe to proceed anonymously. (*Id.*)

## II.     DISCUSSION

It has long been held that "[o]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public," an "important dimension" of which is that the person using the court identify themselves. *Megless*, 654 F.3d at 408 (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). The use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings . . . ." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). Federal Rule of Civil Procedure 10(a) reflects those principles, stating "[t]he title of the complaint must name all the parties . . . ." *See id.*

"While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." *Id.* Courts have allowed parties to use fictitious names in cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (collecting cases and discussing the widespread public fear of AIDS). "That a plaintiff may

3

suffer embarrassment or economic harm is not enough. Instead, a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)) (internal citation omitted). In *Megless*, the United States Court of Appeals for the Third Circuit summarized the nine non-exclusive factors courts within its jurisdiction consider when determining whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation. *Megless*, 654 F.3d at 409. The six factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)). The three factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). In light of the foregoing principles, the Court addresses each factor in turn.

### A. *Megless* Factors Weighing in Favor of Anonymity

First, the Court asks: "[H]as the identity of the litigant been kept confidential?" *Megless*, 654 F.3d at 410. Doe contends that she "has not posted on social media or made any other public

4

statements about this case, and that she has been extremely private about the experience." (Moving Br. at 5; *see also* Pl.'s Reply at 2-3.) Defendants argue that because Plaintiff's counsels have given statements to the media, Doe's Complaint is too detailed, and OPRA requests may supersede Doe's pseudonym status, this factor weighs against anonymity. (Middlesex Opp'n at 8-9.) Doe responds that: (1) her counsels' statement was about public filings on the docket, proceeding with a pseudonym does not equate to a gag order where attorneys are unable to discuss factual and legal issues in the case, and Doe herself refused interviews with the media; and (2) Doe's Complaint had sufficient detail to state her claim, especially considering that there are nineteen Defendants. (Pl.'s Reply at 2-6.) Doe argues that she is not seeking to seal the case and wants the public to discuss the pressing issue of whether pregnant inmates should be shackled. (Pl.'s Reply at 5.)

Defendants rely upon *Doe v. Rider University*, where the Court found that Plaintiff's counsel's statements to the media weighed against proceeding pseudonymously because "[f]undamental fairness generally requires plaintiffs to make their accusations publicly, as it is unfair to allow a plaintiff to 'hurl accusations at [a defendant] from behind 'a cloak of anonymity.'" No. 16-4882 (BRM), 2018 U.S. Dist. LEXIS 133146, at *24 (D.N.J. Aug. 7, 2018) (citations omitted); (Middlesex Opp'n at 8-9.). In response, Doe cites to *Doe v. Rutgers*, where the Court held that even when the plaintiff herself speaks to the media, if done so anonymously and without disclosing her name, this factor would still weigh in favor of proceeding pseudonymously. No.18-12952, 2019 WL 1967021, at *2 (D.N.J. Apr. 30, 2019). The Court agrees with the *Rutgers* analysis that whether Plaintiff or Plaintiff's counsel speak with the media is not of significant weight in considering this factor, where statements to the media do not mention Plaintiff's name and Plaintiff has shown a concerted effort to keep her identity hidden from the public. Furthermore, the Court finds after review of counsel's statements to the media, that the statements added no new

5

information beyond what the public already had access to in Doe's Complaint. (Middlesex Opp'n, Ex. A.)

Even if the Court were to side with the reasoning in *Rider*, the balancing of factors in this case are distinguishable *from Rider*. In *Rider*, the Court denied Plaintiff's request to proceed under a pseudonym because they found only one out of the six *Megless* factors actually weighed in favor of proceeding pseudonymously, while the other five factors were either neutral or weighed against proceeding pseudonymously. *See generally Rider*, 2018 U.S. Dist. LEXIS 133146. ("On balance, the Court finds the [] factors weigh against allowing Plaintiff to proceed through the use of a pseudonym.") Here, as discussed below, the Court finds that even if this factor is neutral or weighs against proceeding pseudonymously, four of the other *Megless* factors weigh in favor of proceeding pseudonymously. Thus, on balancing the factors, the Court would reach the same result.

Accordingly, the first factor favors Plaintiff's use of a pseudonym. *See Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *2 (D.N.J. Apr. 30, 2019) ("Factor (1) weighs in favor plaintiffs who 'make substantial efforts to maintain anonymity' and 'limi[t] the disclosure of sensitive information to few other people.'") (quoting *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *3 (D.N.J. Aug. 7, 2018)).

The second question is: "What harm is the litigant seeking to avoid, and is the litigant's fear reasonable?" *Megless*, 654 F.3d at 410. Doe claims that disclosure of her identity will exacerbate "ongoing psychological trauma caused by her birth experience" and will lead to retaliation from Middlesex County personnel. (Moving Br. at 6.) Doe claims she feels "anguished and disturbed" about her birthing experience, which has caused her to have nightmares and traumatic memories, emotional distress, and anxiety. (*Id.*) Doe argues that public disclosure of her identity will exacerbate these "severe negative mental and emotional experiences and further re-

6

traumatize her." (*Id.*) Doe further argues that as a resident of Middlesex County, being incarcerated again in 2020, she is likely to encounter the same officers listed in this case as Defendants and face "harassment or unpredictable conduct." (*Id.* at 7.) Defendants argue that Doe has not provided any medical records attesting to her claims of mental and emotional anguish nor has Doe, who has in fact been in contact with Middlesex County personnel in the two years since giving birth, suffered retaliation, harassment, or unpredictable conduct. (Middlesex Opp'n at 11-12.) Although the Court agrees with Defendants that Doe has failed to provide any medical records to support her claims of mental and emotional distress, Doe has shown that her fear of severe harm by being retraumatized is reasonable. Similar to *Doe v. Trishul Consultancy, LLC*, No. 18-16468, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019), in which this Court found that disclosure of a victim of sexual assault's identity carried a concrete risk of severe emotional harm and revictimization, here, the Court finds more than general allegations of emotional distress or other harm in this case. Particularly, Doe alleges she suffers from anxiety, emotional distress, and post-traumatic stress disorder like symptoms, which will be exacerbated by disclosing her identity in this case and will force her to relive the trauma she suffered while giving birth. (Moving Br. at 7); *see Trishul Consultancy, LLC*, 2019 WL 4750078, at 8-9. Furthermore, Doe argues that proceeding pseudonymously will allow her to control the time and manner in which her son, Baby Doe, learns of his traumatic birth. (Pl.'s Reply at 6.) The Court finds the Eastern District of New York's reasoning in *Doe v. City of New York* to be persuasive and agrees with Doe that protecting her right to inform her son of the circumstances of his birth is a strong consideration for the Court to take into account. No. 20-1344, ECF No. 19 (E.D.N.Y. Sept. 11, 2020) ("involving pregnancy or minor children fall squarely in the category of highly sensitive or personal content that justifies anonymous plaintiffs proceeding pseudonymously.") Thus, the Court finds this factor also weighs towards proceeding pseudonymously.

The third inquiry is: "[I]f this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Megless*, 654 F.3d at 410. Doe asserts that she should be allowed to use a pseudonym so other similarly situated plaintiffs would not be deterred from filing suit. (Moving Br. 7.) Doe also argues that she will be re-traumatized by revealing to the public intimate details of an extremely personal aspect of her life. (*Id.* at 8.) In addition, Doe argues that revealing her identity to the public will increase the likelihood that her son will learn the story of his birth at an early and inappropriate age. (*Id.*) Defendants argue that because they are public entities, the public has a greater interest in knowing the identity of the parties. (Middlesex Opp'n at 12.)  The Court agrees with Doe that protecting her identity will help ensure similarly situated plaintiffs are not dissuaded from pursuing their claims. As this Court stated in *Trishul Consultancy*, "[c]ourts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization, and as a result, there is a strong public interest in maintaining the confidentiality of Plaintiff's identity." 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019). Thus, this factor weighs in favor of proceeding pseudonymously.

The fourth question is: "[A]re the facts not relevant to the outcome of the claim?" *Megless*, 654 F.3d at 410. Doe claims that the facts of her case are largely undisputed, that is, she was restrained during her pregnancy, labor and delivery, and after giving birth. (Moving Br. at 9.) Thus, Doe claims her case will be centered around the constitutionality of Middlesex County's policy regarding the shackling of pregnant women thus, her identity is "wholly unnecessary." *(Id.)* Defendants argue that Doe's claims are highly fact-sensitive evidenced by her lengthy Complaint. However, as Doe notes, Defendants' answers mostly admit to the underlying facts that Doe was restrained during her pregnancy, labor and delivery, and postpartum. (*See, e.g.,* Padilla Answer at ¶ 79, ECF No. 22.) Consequently, the Court finds that Doe's identity is not critical to this dispute.

*See Rutgers*, 2019 WL 1967021, at *3. Therefore, the public's interest in Doe's identity is weak and this factor weighs in favor of proceeding pseudonymously. *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) (finding the public's ability to follow the case's proceedings will not be impeded by allowing Plaintiff to proceed pseudonymously.)

Fifth, the Court asks: "[W]ill the claim be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity?" *Megless*, 654 F.3d at 410. Though deterred, Doe concedes she will continue to pursue this action even if her identity is disclosed. (Moving Br. 10; Middlesex Opp'n at 14.) Defendants also acknowledge that because Doe admits she will continue to pursue her claims regardless of the outcome of this Motion, "this factor is not met and moot to the analysis." (*Id.*) Thus, this factor weighs neither for nor against proceeding pseudonymously. *See Rutgers*, 2019 WL 1967021, at *3 (holding that the fifth *Megless* factor does not apply where Plaintiff admits she would proceed even if denied Jane Doe status).

The sixth question is: "[I]s the litigant seeking to use a pseudonym for nefarious reasons?" *Megless*, 654 F.3d at 411. Defendants concede that Doe does not have an ulterior or nefarious motive for seeking to proceed pseudonymously. (Middlesex Opp'n at 14.) Thus, this factor weighs in favor of proceeding pseudonymously.

**B.     *Megless* Factors Weighing Against Anonymity**

The Court now moves to the factors weighing against the use of a pseudonym. First, the Court asks whether there is the universal level of public interest in access to the identities of litigants? *Megless*, 654 F.3d at 411. The Court finds that the first factor concerning public interest weighs against use of a pseudonym. *Id.* ("[W]e must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings . . . .") This factor weighs against proceeding pseudonymously however, does not by itself, outweigh the balancing of factors in favor

9

of proceeding pseudonymously discussed above. *See Doe v. Hartford Life and Accident Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. 2006) ("The only factor against Plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. However, this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym."). Next the Court asks: "[D]oes the subject of the litigation heighten the public's interest?" *Megless*, 654 F.3d at 411. Defendants argue that because they are public entities, the case is of heightened interest to the public. (Middlesex Opp'n at 5-6.) The Court notes, however, that this factor focuses on the status of the litigant seeking to proceed pseudonymously, not of the opposing party. *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014) (clarifying that this factor asks whether the plaintiff is a public figure). The Court does not find the second factor weighs against anonymity because it does not appear that the public has an unusually strong interest in knowing Doe's identity. Lastly, the Court asks: "[I]s the party opposing the use of a pseudonym doing so based on nefarious reasons?" *Megless*, 654 F.3d at 411. The parties disagree on whether Defendants' opposition to Doe's request to proceed pseudonymously is nefarious. (Moving Br. at 11; Middlesex Opp'n at 8.) Doe does not directly address this factor, instead she argues that "no illegitimate motive can or will be identified for the actions that Plaintiff has taken in filing this lawsuit and seeking to do under the pseudonym Jane Doe." (Moving Br. at 11.) The Court notes that this factor asks whether Defendants' opposition is nefarious, not whether Doe's motives are illegitimate. *Megless*, 654 F.3d at 411. Defendants argue that their opposition is legitimate because the public has a heightened interest in cases involving public entities. (Middlesex Opp'n at 8.) For the purposes of this factor alone, the Court agrees with Defendants that their opposition is not nefarious because they are public entities. Thus, this factor weighs against proceeding pseudonymously.

### III. <u>CONCLUSION</u>

Upon consideration of each factor and their respective weights, the Court finds that this case falls into that special category of cases in which the Plaintiff's privacy interests outweigh the public's interest in open judicial proceedings. Specifically, this case is centered on a private and intimate moment in Doe's life during which, she alleges, her federal and state constitutional rights were violated. Furthermore, the Court finds that the public will not be any less informed regarding the case facts and legal issues if Doe is allowed to proceed pseudonymously.

### IV. <u>ORDER</u>

For the reasons set forth above, and for other good cause shown,

**IT IS** on this 14th day of January, 2021 **ORDERED** that:

1. Doe's Motion (ECF No. 23) is **GRANTED**.

   s/Zahid N. Quraishi
   _____
   **ZAHID N. QURAISHI**
   **UNITED STATES MAGISTRATE JUDGE**