# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

NAIRUBY L. BECKLES
MARISSA BENAVIDES
DAVID BERMAN
NICK BOURLAND
ANANDA BURRA
FRANCESCA COCUZZA
EMMA L. FREEMAN
ANDREW K. JONDAHL
SCOUT KATOVICH
NOEL R. LEÓN
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER

June 6, 2021

**By ECF**

Honorable Douglas E. Arpert
United States Magistrate Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re: *Doe v. Middlesex County, N.J., et al.*, 3:20 Civ. 8625 (GC) (DEA)

Dear Judge Arpert:

  Along with co-counsel Gibbons P.C., we represent Plaintiff Mary Doe in the above-captioned matter. We write to request that the Court schedule a conference to resolve the various discovery disputes identified in Plaintiffs' May 5, 2022 letter, *see* ECF No. 97, or, in the alternative, to grant Plaintiff leave to file and set a briefing schedule for a motion to compel, pursuant to Local Civil Rule 37.1. Plaintiff has noticed sixteen party depositions in this matter, to occur during the months of June and July, but the depositions cannot proceed until Plaintiff has received all necessary information and documents in unredacted form.

  Plaintiff first identified several of Defendants' discovery deficiencies in March 31, 2021 letters to Defendants Middlesex County, New Jersey (the "County"), Warden Mark Cranston, and Sheriff Mildred Scott. After raising those issues and others periodically by email and phone over the course of the following year, Plaintiff wrote to Defendants the County, Cranston, and Scott on March 22, 2022 to inform them that she would seek relief absent prompt resolution of their discovery deficiencies. Having received no substantive response from any Defendant, Plaintiff presented the issues to the Court on May 5, 2022. *See* ECF No. 97 ("May 5 Letter"). Although nearly a month has passed, only Defendant Scott has responded to the issues raised in the May 5 Letter, *see* ECF No. 98,[1] and Defendant Scott has taken only minimal and incomplete

---

[1] Defendant Scott's May 27, 2022 letter includes various misrepresentations of the record and posture of this case, and citations to distinguishable and inapposite legal authority. Plaintiff will clarify the record and respond to the arguments advanced by Defendant Scott at any conference scheduled by the Court or on a briefing schedule ordered by the Court.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

steps to remedy the outstanding deficiencies. Defendants the County and Cranston have made no attempt at all to excuse their various failures to comply with their discovery obligations.

The County sent a letter to the Court on May 27, 2022, suggesting a sixty-day stay of discovery to permit "the parties' current settlement negotiations to reach a conclusion." At this point, Plaintiff opposes a stay. As the Court is aware, Plaintiff first sent a demand (at Defendants' request) on May 21, 2021. Plaintiff also appeared at an in-person settlement conference almost three months ago, prepared to participate in good-faith settlement discussions, but the County arrived at the settlement conference unable to participate in the settlement process. Since that time, the Court has continued to engage the parties in an effort to reach resolution in this matter, but, notwithstanding Your Honor's efforts, Plaintiff's efforts, and the County's efforts to resolve the issues impeding the settlement process, Defendants still have not made a counteroffer, more than a year after Plaintiff sent her demand, and almost four months after the February 17, 2022 conference at which Defendants' first proposed an informal stay of discovery to allow settlement negotiations to proceed. We understand that, based largely upon Your Honor's efforts, progress is being made and a resolution may now be possible, but, as always, settlement remains uncertain, especially given the absence of a concrete counteroffer. Accordingly, there is no basis for a stay of discovery, and Defendants should be required to comply with their discovery obligations.

As mentioned above, Plaintiff has noticed depositions for the sixteen individually named officer defendants in this matter, which cannot proceed until many of the discovery issues identified in the May 5 Letter are resolved. Specifically: (i) the County must provide substantive responses to Plaintiff's Interrogatories 1-16 and 18-20, which may reference the individual officer defendants, *see* May 5 Letter § II.A; (ii) Defendants Cranston and Scott must supplement their responses to Plaintiff's Interrogatories 11-14 concerning reports completed by the individual officer defendants and the training of the individual officer defendants, *see id.* § II.B; (iii) Defendant Cranston must identify all pregnant persons who were in County custody from 2013-2016, and Defendant Scott must produce all documents concerning pregnant persons in County custody from 2013 to 2021, which may include descriptions of conduct by the individual officer defendants, *see id.* § III.A; (iv) Defendants must produce unredacted versions of documents produced in discovery, including Box Scores and Supervisor Reports/Daily Log Reports which describe the conduct of various individual defendant officers, and the individual officers' personnel files,[2] *see id.* § III.B; and (v) Defendants must complete their production of relevant policies, *see id.* § III.D.

Plaintiff therefore respectfully requests that the Court schedule a conference to discuss and resolve the discovery deficiencies identified above so the individual officer defendant depositions may proceed, and to discuss the other unresolved deficiencies identified in the May 5 Letter. *See id.* §§ II.C, III.C.1, III.C.2. In the alternative, Plaintiff requests that the Court grant leave to file and set a briefing schedule for a motion to compel on any unresolved deficiency identified in the May 5 Letter.

---

[2] If Defendants assert that any of the redacted information is protected by an applicable privilege, they must specifically identify the privilege in a log that complies with Local Civil Rule 34.1.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

      If the Court has any questions or concerns, please do not hesitate to contact any of us. Thank you for Your Honor's kind consideration and attention to these disputes.

Respectfully submitted,

EMERY CELLI LLP

Katherine Rosenfeld, Esq.
Andrew K. Jondahl, Esq.

GIBBONS P.C.

*s/ Lawrence S. Lustberg*

Lawrence S. Lustberg, Esq.

c.    All Counsel of Record (*via ECF*)